NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALEXANDER STERN, | No. 10-55348 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-07710-PA-FFM |
| v. | |
| SONY CORPORATION OF AMERICA; SONY COMPUTER ENTERTAINMENT AMERICA, INC.; SONY ONLINE ENTERTAINMENT, LLC, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted November 17, 2011[**]
Pasadena, California

Before: GOODWIN, W. FLETCHER, and RAWLINSON, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Plaintiff-Appellant Alexander Stern appeals the district court's grant of Defendant's Rule 12(b)(6) motion to dismiss. Under Title III of the Americans with Disabilities Act (ADA), "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). In interpreting the term "place of public accommodation" in the context of the long list of "public accommodations" contained in § 12181(7)–all of which "are actual, physical places where goods or services are open to the public"–this Court has found that Title III requires "some connection between the good or service complained of and an actual physical place." *Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1114 (9th Cir. 2000). This view is supported by 28 C.F.R. § 36.104, which specifies that a place of public accommodation is "a facility operated by a private entity," and defines "facility" to mean "all or any portion of buildings, structures, sites, complexes, equipment, rolling stock or other conveyances, roads, walks, passageways, parking lots, or other real or personal property, including the site where the building, property, structure, or equipment is located."

A video game is not a facility, and Stern has failed to allege a sufficient connection between Sony's video games and a facility owned, leased, or operated by Sony.  Stern has failed to show that Sony's brick-and-mortar retail stores are sufficiently analogous to the movie theater at issue in *Arizona v. Harkins Amusement Enters., Inc.*, 603 F.3d 666 (9th Cir. 2010).  Stern alleges that his visual impairments and the inaccessibility of Sony's video games prevent him from fully and equally enjoying the games, which in turn hinders his ability to fully and equally enjoy the privileges and advantages of attending marketing events associated with the games that are hosted by Sony.  This connection is too tenuous to support a cause of action under the ADA.

**AFFIRMED**.